730 P.2d 1024

**John MADSEN, SSA 519–18–4825, Claimant-appellant,**

v.

**IDAHO DEPARTMENT OF TRANSPORTATION, Employer-respondent,**

and

**State of Idaho, Department of Employment, Respondent.**

No. 16223.

Supreme Court of Idaho.

Dec. 31, 1986.

John Madsen, pro se.

Jim Jones, Atty. Gen., Evelyn Thomas, Deputy Atty. Gen., Boise, for respondent.

BAKES, Justice.

Claimant John Madsen appeals a decision of the Industrial Commission holding him ineligible for unemployment compensation benefits following his first eligible year of receiving such benefits.

Claimant filed a claim for unemployment benefits on June 19, 1984, following the termination of his employment with the Idaho Department of Transportation. He was found eligible for benefits and received 26 weeks of benefits of $111 per week through the end of 1984. After the basic 26–week period of benefits was exhausted, claimant filed and received extended benefits under a supplemental program from January 12, 1985, through June 8, 1985.

On June 15, 1985, claimant was notified that his benefit year had ended, whereupon claimant filed a new claim for benefits for

---

a second year on July 1, 1985. I.C. § 72–1366(p) provides that:

"(p) No individual is eligible to receive benefits in two (2) successive benefit years unless subsequent to the beginning of the first of said benefit years during which he received benefits he performed service and earned remuneration for such service in an amount equal to not less than five and one-half (5½) times his weekly benefit amount established during the first benefit year."

In support of his claim for eligibility for this second year, claimant submitted a copy of a cashier's check dated July 8, 1985, indicating that $650 had been paid to claimant by John Madsen Associates, Inc., a family corporation in which he is President and major stockholder. A notation on the check indicated that the sum was paid for "wages for prof. services 1985–1990."

The Department of Employment denied the claim. Claimant then filed an appeal which was heard by a department appeals examiner on July 30, 1985. The appeals examiner found that claimant had not earned the requisite remuneration for services performed subsequent to the beginning of his first benefit year, as required by I.C. § 72–1366(p), and therefore upheld the department's determination that claimant was ineligible for benefits during the second year. Claimant then appealed to the Industrial Commission.

The Industrial Commission reviewed the record and issued its decision, affirming the decision of the appeals examiner. The commission found that claimant had failed to establish that he performed services subsequent to June 17, 1984 (the beginning of his first year of eligibility), for which he earned at least $610.50, the amount claimant was required, by statute, to earn in order to requalify for additional unemployment benefits.

The issue on appeal is whether or not the commission's finding that claimant had failed to establish that he performed services subsequent to June 17, 1984, for which he earned at least $610.50 is supported by substantial competent evidence.

We conclude that it is. The check which claimant submitted as proof that he had performed services subsequent to June 17, 1984, in an amount equal to $610.50 actually states that the check is for services rendered from "1985–1990." Thus, the check on its face indicates that at least some portion of the $650 is to be considered wages for future and as yet unrendered services. Claimant's own testimony was that the check represents either past or future wages. The record supports the commission's decision that the claimant failed in his burden of proof that he had rendered services of the requisite value from the June 17, 1984, period until the time that he filed his application for unemployment benefits. Accordingly the decision and order of the Industrial Commission are affirmed.

DONALDSON, C.J., and SHEPARD, BISTLINE and HUNTLEY, JJ., concur.